**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ELENA AMBRA SCHETTINI,                               CASE NO:

    Plaintiff,

v.

AMERICAN FUNDRAISING
FOUNDATION, INC.,
a Florida corporation, and
WADE WEST,

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES
AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff ELENA AMBRA SCHETTINI ("Plaintiff"), by and through her undersigned counsel, and for her Complaint for Declaratory Relief and Damages against Defendants AMERICAN FUNDRAISING FOUNDATION, INC. and WADE WEST ("AmFund", "West" or together as "Defendants"), hereby respectfully alleges as follows:

**THE PARTIES**

1. Plaintiff is a natural person who resides in Orange County, Florida.

2. Defendant AmFund is a Florida corporation with a principal business address of 1411 Edgewater Drive – Suite 103, Orlando, Orange County, Florida 32804 while Defendant West is an individual who, upon information and belief, is a resident of Orange County, Florida.

## JURISDICTION AND VENUE

3. This is an action arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (as amended) ("FLSA"), Florida's Declaratory Judgment Act at Fla. Stat. §§ 86.011-86.111, *et seq.*, and Florida common law.

4. Defendants are doing business and have committed acts in the Middle District of Florida in violation of Plaintiff's rights under federal and Florida law thereby giving this Court personal jurisdiction over Defendants.

5. This Court has subject matter jurisdiction to hear and determine Plaintiff's federal claim and, because the Florida statutory and common law claims are ancillary and pendant to the federal claim, supplementary jurisdiction is appropriate over the state law claims.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

7. Further, pursuant to Middle District Local Rule 1.02(c), venue is proper in the Orlando Division of the Middle District of Florida because the alleged acts giving rise to this claim have occurred in counties of which the Orlando Division is comprised as set forth in Local Rule 1.02(b)(3).

## FLSA STATUTORY PREREQUISITES

8. For all time periods pertinent to these allegations, Plaintiff met the statutory criteria for coverage as an "employee" under the FLSA and its accompanying regulations.

9. For all time periods pertinent to these allegations, in performing her duties for Defendants, Plaintiff worked as an employee engaged in commerce within the meaning of the FLSA at 29 U.S.C. § 206(a) and § 207(a)(1) and their accompanying regulations.

10. For all time periods pertinent to these allegations, Plaintiff was employed by Defendants in an "establishment" as that term is defined under the FLSA and its accompanying regulations.

11. For all time periods pertinent to these allegations, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and (s) and its accompanying regulations.

12. For all time periods pertinent to these allegations, Defendant AmFund met the statutory criteria for coverage as an "employer" as defined by 29 U.S.C. § 203(d).

13. Defendant West is an individually liable "employer" because he was a person acting directly or indirectly in the interest of AmFund in relation to Plaintiff with:

    (a)    the power or ability to hire and fire;

    (b)    the power or ability to supervise;

    (c)    the power or ability to determine the method and/or rate of employee compensation;

    (d)    the power to maintain of employee records; and

    (e)    the power or ability to assess, grant, deny, or otherwise affect employees' FLSA rights and all rights appurtenant thereto.

14. In addition to the previous paragraph, Defendant West is individually liable as an employer under the FLSA because he:

    (a)    is a corporate officer of AmFund;

    (b)    has an ownership interest in AmFund;

(c) has direct responsibility or control over and concerning employees including but not limited to the power or ability to assess, grant, deny, or otherwise affect employees' FLSA rights and the rights appurtenant thereto;

(d) has and exercises the capacity or authority to hire and fire employees or recommend such decisions; and/or

(e) was personally involved in, recommended, contributed to, and/or made the decision either individually or jointly to terminate Plaintiff.

15. During part of her term of employment with Defendants, Plaintiff was compensated on an hourly basis but not paid overtime for all hours worked in excess of forty (40) hours per workweek and during another part of her term of employment with Defendants, Plaintiff was compensated on a salary basis but not paid overtime for all hours worked in excess of forty (40) hours per workweek.

16. Plaintiff is not exempt from the requirements to be paid overtime for all hours worked in excess of forty (40) hours per workweek during her entire tenure of employment.

## **GENERAL ALLEGATIONS**

17. On or about April 11, 2016, Plaintiff began working for Defendants.

18. Plaintiff regularly worked in excess of forty (40) hours per workweek for Defendants.

19. During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff time and half ("overtime") for hours worked in excess of 40 hours per workweek.

20. During Plaintiff's employment with Defendants, Defendants requested that Plaintiff sign a Confidentiality, Noncompetition & Nonsolicitation Agreement.

21. Plaintiff refused to sign such an agreement.

22. On or about December 17, 2018, Defendants terminated Plaintiff.

23. Subsequently, Plaintiff became associated with an entity named Vacation BeCAUSE, LLC.

24. On August 20, 2019, Plaintiff received correspondence from AmFund's legal counsel making several accusations of alleged untoward activity, requesting that Plaintiff not engage in commercial activity with Vacation BeCAUSE, LLC, and threatening to sue Plaintiff. *See* Exhibit "A."

25. In the same correspondence, AmFund included a document entitled "Confidentiality, Noncompetition & Nonsolicitation Agreement." *See* Exhibit "B."

26. The Confidentiality, Noncompetition & Nonsolicitation Agreement provided by AmFund contains a signature that purports to be Plaintiff's.

27. The signature in the Confidentiality, Noncompetition & Nonsolicitation Agreement provided by AmFund is a forgery.

28. Plaintiff has complied with all prerequisites, statutory or otherwise, to the bringing of this lawsuit.

## SPECIFIC ALLEGATIONS

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

**(against both Defendants)**

29. Plaintiff hereby adopts and incorporates by reference each and every allegation asserted in paragraphs 1-19 and 28 above as if set forth fully and completely herein.

30. During the course of Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for time worked in excess of forty (40) hours per workweek at the overtime rate required by the FLSA.

31. Contrary to the dictates of the FLSA, Defendants willfully failed and refused to compensate Plaintiff for overtime worked in excess of forty (40) hours per workweek.

32. Due to Defendants' willful failure to compensate Plaintiff for all overtime hours worked at the rate required by the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on this count jointly and severally, and award her such damages as she has sustained pursuant to the FLSA, including, but not limited to, any and all wages to which Plaintiff is entitled, an additional equal amount as liquidated damages, all other losses sustained by Plaintiff as direct result of the aforementioned FLSA violations, attorney's fees pursuant to the FLSA, court costs, interest, and all other relief that this Court may deem just and proper.

## COUNT II
## REQUEST FOR DECLARATORY JUDGMENT
### (against Defendant AmFund)

33. Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-7, 17, and 20-28 of this pleading as though set forth fully at length herein.

34. There is an existing and ongoing controversy between Plaintiff and Defendant AmFund regarding whether there is a valid and properly executed Confidentiality, Noncompetition & Nonsolicitation Agreement between the parties.

35. The parties' bona fide dispute creates a practical need for a declaration of rights; specifically, whether Plaintiff is obligated to perform and/or refrain from performing certain acts specified in the Confidentiality, Noncompetition & Nonsolicitation Agreement.

36. The interests of the parties are adverse and antagonistic, the parties to this action represent all parties necessary to a complete and final resolution of the matter, and Plaintiff has a practical interest in the declaration sought.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment:

(A) declaring that there is no valid or properly executed Confidentiality, Noncompetition & Nonsolicitation Agreement between the parties;

(B) declaring that the Defendant AmFund lacks the legal ability or right to enforce the Confidentiality, Noncompetition & Nonsolicitation Agreement;

(C) awarding Plaintiff costs; and

(D) awarding Plaintiff such further necessary or proper relief as is appropriate.

## COUNT III

## COMMON LAW FORGERY

### (against Defendant West)

37. Plaintiff hereby adopts and incorporates by reference each and every allegation asserted in paragraphs 1-7, 17, and 20-28 above as if set forth fully and completely herein.

38. Defendant West made or specifically directed the making of a writing that falsely purports to be the writing of another; namely, Plaintiff's signature was forged by or

at the direction of West upon a document entitled "Confidentiality, Noncompetition & Nonsolicitation Agreement" a copy of which is attached to this Complaint as Exhibit "B."

39. Defendant West's act or directing of the act of forgery was done with the intent to injure Plaintiff.

40. The forged instrument entitled "Confidentiality, Noncompetition & Nonsolicitation Agreement" has legal efficacy in that the document purports to create enforceable legal obligations and rights which include, but are not limited to, restricting Plaintiff from engaging in certain activities.

41. W. West's act or directing of the act of forgery has actually and proximately caused injuries to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court award her such damages as she has sustained and as shall appear proper under Florida law including, but not limited to, compensatory damages, damages for mental anguish, loss of dignity, and other intangible injuries, court costs, interest, and such other and further relief that this Court may deem just and proper.

## COUNT IV

## COMMON LAW FRAUD

**(against Defendant West)**

42. Plaintiff hereby adopts and incorporates by reference each and every allegation asserted in paragraphs 1-7, 17, and 20-28 above as if set forth fully and completely herein.

43. As an alternative to Count III hereinabove, Plaintiff's actual signature was removed from one or more documents that she did intend to sign and was thereafter

8

electronically or otherwise manipulated, transferred, and affixed upon a document entitled "Confidentiality, Noncompetition & Nonsolicitation Agreement" a copy of which is attached to this Complaint as Exhibit "B."

44. The manipulation, transfer, and affixation of Plaintiff's actual signature upon a document entitled "Confidentiality, Noncompetition & Nonsolicitation Agreement" was done or directed by Defendant West without Plaintiff's knowledge or consent.

45. The manipulation, transfer, and affixation of Plaintiff's actual signature done or directed by Defendant West without Plaintiff's knowledge or consent was a false statement of fact; namely, a false statement of Plaintiff's intent to bind herself to the terms of the document.

46. Defendant West knew that the manipulation, transfer, and affixation of Plaintiff's actual signature upon a document entitled "Confidentiality, Noncompetition & Nonsolicitation Agreement" without Plaintiff's knowledge or consent was a false statement of fact at the time it was made by him or at his direction; namely, a false statement of Plaintiff's intent to bind herself to the terms of the document.

47. The manipulation, transfer, and affixation of Plaintiff's actual signature upon a document entitled "Confidentiality, Noncompetition & Nonsolicitation Agreement" done or directed by Defendant West without Plaintiff's knowledge or consent was made for the purpose of inducing another to act in reliance thereon; specifically, Defendant West intended to induce future employers of Plaintiff to rely on the terms of the document and not hire, employ, or maintain employment with her. Moreover, Defendant West intended for Plaintiff to rely on the document to restrict herself from engaging in particular competitive activities set forth therein.

48. The manipulation, transfer, and affixation of Plaintiff's actual signature upon a document entitled "Confidentiality, Noncompetition & Nonsolicitation Agreement" done or directed by Defendant West without Plaintiff's knowledge or consent occurred on a currently unknown time date and place between approximately April 11, 2016 and August 20, 2019.

49. The fraudulent manipulation, transfer, and affixation of Plaintiff's actual signature upon a document entitled "Confidentiality, Noncompetition & Nonsolicitation Agreement" done or directed by Defendant West without Plaintiff's knowledge or consent has actually and proximately caused injuries to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court award her such damages as she has sustained and as shall appear proper under Florida law including, but not limited to, compensatory damages, damages for mental anguish, loss of dignity, and other intangible injuries, court costs, interest, and such other and further relief that this Court may deem just and proper.

## JURY DEMAND

50. Plaintiff demands and is entitled to a trial by jury as to all issues and claims set forth herein.

DATED this 3rd day of September 2019.

HOLLIFIELD LEGAL CENTRE
By:
**/s/ Travis R. Hollifield**

Travis R. Hollifield
Florida Bar No.: 0094420
147 E. Lyman Avenue – Suite C
Winter Park, Florida 32789
Telephone: (407) 599-9590
Facsimile: (407) 599-9591

Primary e-mail:  trh@trhlaw.com
Secondary e-mail:  rf@trhlaw.com
ATTORNEY FOR PLAINTIFF